# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELL TERAN ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant.<br>_____/ | Case No. 1:22–cv–01186–SKO<br><br>ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(Doc. 1) |

## I.     INTRODUCTION

On September 19, 2022, Plaintiff Lavell Teran Robinson ("Plaintiff") filed a complaint under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

## II.     BACKGROUND

Plaintiff was born on June 2, 1980, has a college education, and previously worked as a youth counselor. (Administrative Record ("AR") 29, 46, 56, 87, 97, 261, 266, 270.) Plaintiff protectively filed a claim for DIB payments on November 18, 2020, alleging he became disabled on December 1, 2014, due to back pain, chest pain, and bipolar disorder. (AR 87, 88, 97, 98, 99, 303.)

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 11.)

**A.     Relevant Medical Evidence[2]**

In November 2016, Plaintiff, a Navy veteran, had an "anger outburst" in court that "shocked" the judge. (AR 719.) Following that incident, he was diagnosed with post-traumatic stress disorder ("PTSD") and prescribed Paxil. (AR 716.)

Plaintiff reported in July 2019 "continued PTSD [symptoms] related to [military sexual trauma] including the [symptoms] of the re-experiencing, avoidance, hyperarousal, [and] continued sleep disruptions." (AR 396.) He noted "continued poor concentration/focus" and being "avoidant of the crowds and public places." (AR 396.) Upon examination, Plaintiff exhibited depressed and anxious mood, with congruent affect. His attention, concertation, insight, and judgment were noted as fair. (AR 399). He was diagnosed with bipolar affective disorder and PTSD. (AR 400.) The provider noted that at that time he was "at low to moderately high risk of danger to self or others." (AR 401.) The provider thereafter requested "special testing accommodations" for Plaintiff due to his PTSD and bipolar disorder, writing that Plaintiff "continues to struggle with persistent PTSD [symptoms] and cognitive symptoms" and "that his current psychiatric symptoms tend to affect his ability to complete the schoolwork [in a] timely manner." (AR 394.)

In October 2019, Plaintiff presented for a follow up appointment for treatment of his bipolar disorder and PTSD. (AR 472–78.) He noted continued PTSD symptoms as before, including "continuing irritability and anger." (AR 472.) Upon examination, Plaintiff exhibited dysphoric and irritable mood, with fair attention, concentration, insight, and judgment. (AR 475.) The provider noted that at that time Plaintiff was "at moderately high risk of danger to self or others." (AR 476.) He was prescribed Seroquel "for mood [symptoms]/mood stabilization, depression, PTSD [symptoms], anxiety and sleep." (AR 478.)

**B.     Administrative Proceedings**

The Commissioner denied Plaintiff's application for benefits initially on April 5, 2021, and again on reconsideration on May 21, 2021. (AR 122–26; AR 128-33.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 134–76.) The ALJ

---

[2] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issue(s).

conducted a hearing on January 6, 2022. (AR 44–69.). Plaintiff appeared at the hearing with his counsel and testified. (AR 50–65.) A vocational expert also testified. (AR 65–69.)

**C.   The ALJ's Decision**

In a decision dated March 1, 2022, the ALJ found that Plaintiff was not disabled, as defined by the Act. (AR 21–31.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520. (AR 23–30.) The ALJ decided that Plaintiff last met the insured status requirements of the Act on December 31, 2019, and had not engaged in substantial gainful activity since December 1, 2014, the alleged onset date (step one). (AR 23.) At step two, the ALJ deemed Plaintiff's bipolar disorder "severe." (AR 23–24.) According to the ALJ, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 24–25.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[3] and applied the assessment at steps four and five. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: routine repetitive tasks and occasional interaction with public, coworkers, and supervisors.

(AR 25–29.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" they rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision." (AR 28.)

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id*. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ determined that Plaintiff could not perform his past work (step four), but that, given his RFC, he retained the capacity to perform a significant number of other jobs in the local and national economies, including marker, photo copying machine operator, and small products assembler (step five). (AR 29–30.) Ultimately, the ALJ concluded that Plaintiff was not disabled at any time from December 1, 2014, the alleged onset date, through December 31, 2019, the date last insured. (AR 30–31.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on July 15, 2022. (AR 1–7.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981.

### III.    LEGAL STANDARD

**A.    Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of

> performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 404.1520(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.   Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citing *Tackett*, 180 F.3d at 1098). "Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund*, 253 F.3d at 1156 ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a

specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins*, 466 F.3d at 885). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.    DISCUSSION

Plaintiff contends that the ALJ erred, *inter alia*, in failing to consider the established impairment of PTSD to be severe, resulting in an incomplete mental RFC assessment. (Doc. 20 at 13–15.) The Court agrees, and will remand for further proceedings.

**A.    Legal Standard**

At step two of the sequential evaluation, the ALJ determines which of Plaintiff's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). A severe impairment is one that "significantly limits" a claimant's "physical or mental ability to do basic work activities." *Id.* An ALJ must consider all the evidence at step two to determine whether a medically determinable impairment significantly limits the claimant's ability to perform basic work activities. *Id.* § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). "An impairment or combination of impairments may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686–87 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96–3p (1996)). The purpose of step two is to operate as "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *see also Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (the step two finding is "merely a threshold determination" that

6

"only raises a prima facie case of a disability."); *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017) ("Step two is merely a threshold determination meant to screen out weak claims. It is not meant to identify the impairments that should be taken into account when determining the RFC.") (internal citations omitted). The plaintiff bears the burden of proof at step two to show that an impairment qualifies as severe. *Bowen*, 482 U.S. at 146 n.5.

**B.    Analysis**

Plaintiff asserts, correctly, that "[n]owhere in the determination does the ALJ address the diagnosis, symptomology, or objective clinical exam findings relative to the established impairment of [PTSD]." (*Id.*)  Substantial evidence does not support an ALJ's conclusion that a particular mental disorder is not a severe impairment in the absence of any mention of the disorder. *Black v. Astrue*, 472 F. App'x 491, 492–493 (9th Cir. 2012). *See also Concepcion J. v. Comm'r of Soc. Sec.*, No. 1:19-CV-3070-RMP, 2020 WL 13505037, at *8–9 (E.D. Wash. Apr. 6, 2020); *Didomenico v. Colvin*, No. 3:15-CV-02393-SI, 2016 WL 7030437, at *8 (D. Or. Nov. 30, 2016); *Carlson v. Colvin*, No. 14-CV-00531-NC, 2015 WL 693902, at *7 (N.D. Cal. Feb. 18, 2015).

In *Black*, the Ninth Circuit found that because the claimant was diagnosed with an anxiety disorder, and she alleged she was disabled in part due to that disorder, the ALJ, at step two, had to consider whether this disorder constituted a severe impairment. *Id*. "By disregarding the anxiety disorder diagnosis," the ALJ erred. *Id*.

Similarly, the ALJ in this case erred by not considering whether Plaintiff's PTSD constituted a severe impairment under step two of the disability inquiry. Plaintiff was diagnosed with PTSD, beginning in November 2016. (AR 716.)  The medical record substantiates this diagnosis, containing evidence of continued PTSD symptomology and treatment during the relevant period, for which certain accommodations were requested by medical providers. (*See, e.g.*, 394, 396, 399, 475, 478, 716, 719.)  As in *Black*, Plaintiff also alleged in his brief, which he submitted to the ALJ before his administrative hearing, that his disability resulted in part from this disorder. (*See* AR 359–64.).  While the ALJ evaluated Plaintiff's bipolar disorder and ultimately deemed it severe, they failed to mention, much less discuss, Plaintiff's PTSD in their decision. Accordingly, the ALJ erred at step two by not considering whether Plaintiff's PTSD is a severe

impairment. *See Black*, 472 F. App'x at 492; *Didomenico*, 2016 WL 7030437, at *8. *See also Shah v. Comm'r of Soc. Sec.*, No. 2:19-CV-1184-KJN, 2020 WL 2992121, at *3 (E.D. Cal. June 4, 2020) ("[T]he ALJ's scant analysis of plaintiff's PTSD at Step Two ignores the large amount of data indicating the impairment is something beyond a 'slight abnormality.'").

The Acting Commissioner does not dispute that the ALJ's decision contains no mention of Plaintiff's PTSD diagnosis, symptoms, accommodations, or treatment. Instead, they argue that any error made at step two is harmless, as long as the ALJ finds that the claimant has severe impairments and proceeds to step three, as the ALJ did here. (*See* Doc. 24 at 3–4.) The Acting Commissioner cites *Buck v. Berryhill*, 869 F.3d at 1049, to support this argument. (*See id*. at 4.)

This case, however, is distinguishable from *Buck*. In *Buck*, the Ninth Circuit found that any error made at step two was harmless, in part, because "all impairments were taken into account" when determining the claimant's RFC. *Id*. at 1049. Here, in contrast, the ALJ failed to even acknowledge Plaintiff's PTSD. As the ALJ did not mention this diagnosis, it appears that they rejected it in their determination of the RFC. *See, e.g., Concepcion J.*, 2020 WL 13505037, at *9. Yet the ALJ did not set forth any reason for rejecting evidence relevant to Plaintiff's RFC. Because of this, the Court "cannot determine whether [this] error was harmless . . . and therefore [does] not know whether the ALJ's omission was 'inconsequential to the ultimate nondisability determination.'" *Black*, 472 F. App'x at 493 (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)).

"Failure to provide reasoning that allows this Court to evaluate whether an error was harmless is an appropriate reason for this Court to remand to the ALJ." *Concepcion J.*, 2020 WL 13505037, at *9 (citing *Black*, 472 F. App'x. at 493). *See also Carson v. Comm'r of Soc. Sec.*, No. 1:21-CV-00508-EPG, 2023 WL 4209750, at *3 (E.D. Cal. June 27, 2023) (remanding where it did "not appear that the ALJ specifically addressed symptoms related to cervical spine disease when determining Plaintiff's RFC, and the ALJ's earlier determination that the impairment was not severe may have limited the evaluation at this step as well"); *Morton v. Colvin*, No. 2:15-CV-34-RMP, 2016 WL 1089264, at *6 (E.D. Wash. Mar. 18, 2016) ("The Court finds that remand for further proceedings is appropriate to allow the Commissioner to make the appropriate findings at

step two."). On remand, the ALJ shall address what, if any, additional limitations should be added to the RFC regarding Plaintiff's PTSD, and whether any change to the RFC affects the ALJ's ultimate decision regarding disability.[4]

### V.   CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED and the case REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff Lavell Teran Robinson and against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:  **October 25, 2023**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE

---

[4] Because further proceedings are required, the Court does not reach Plaintiff's additional assertions of error directed to his RFC and subjective-symptom-testimony. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Rendon G. v. Berryhill*, No. EDCV 18-0592-JPR, 2019 WL 2006688, at *8 (C.D. Cal. May 7, 2019); *Harris v. Colvin*, No. 13-cv-05865 RBL, 2014 WL 4092256, at *4 (W.D. Wash. Aug. 11, 2014); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").